May it please the Court, Jeremy Delosino appearing on behalf of the appellant Matthew Stewart. This case is about 6 milliliters, the amount, roughly, of a prescribed dose of GHB taken by individuals suffering from sleep disorders. The amount of, roughly, the foam on top of a perfectly poured pint of Guinness, or, since we're in San Francisco, the amount of foam on the top of a perfectly poured pint of Ankerstein. 6 milliliters is the amount that Matthew Stewart distributed, 6 milliliters of GHB in this case. And for those 6 milliliters, again, roughly one dose, or potentially the amount of foam on a beer, Matthew Stewart received a sentence of a decade in federal prison. Put simply, and without hyperbole, such a sentence is unreasonable. The district court in this case abused what is admittedly a large and wide range of discretion afforded to sentencing judges. But nonetheless, Matthew Stewart asked this court to find such a sentence substantively unreasonable. Matthew Stewart was not a large-scale drug distributor, as he's been characterized by the government, both in the proceedings in front of the district court and in the briefing submitted to this court. Matthew Stewart was an individual that took 6 milliliters of GHB and spread it among 11.3 liters, roughly 3 to 3 1⁄2 gallons of water. What he essentially did was dilute all of the GHB, the one dose, among 3 gallons of water. Matthew Stewart was, for lack of a better description, a cheat, but not what we would think of as a large-scale drug distributor. Congress had in mind, when it passed legislation directing the Sentencing Commission to put the guidelines as high as the statutory maximum for career offenders, Congress had in mind large-scale drug distribution, large-scale distributors with a history of drug distribution, not at a street level, but a larger level. Matthew Stewart did not the range prescribed by those guidelines in imposing his sentencing for any attorney  Gayers The way you can judge for that is byollarizing guidelines but it's a way you can? Unified It is the way that you can budge from the ways in which sentencing guidelines  For any Brief a table of the applicable guidelines if guideline of career offender did not apply is to gauge the substantive reasonableness of the sentence ultimately imposed and what we have in page 35 of the brief is a Table if Matthew Stewart had only been held responsible for the six milliliters of GHB Even with the two prior convictions his sentencing guideline range would have been zero to six months But if we assume that he's held responsible as the guidelines direct sentencing court to do for the entire 11.3 liters the three and a half gallons of GHB Notwithstanding the fact that there were only six milliliters of GHB in Yes It includes all of the amounts now the tests that were done were only done on a couple of samples But the two samples that they were done the purity was 0.04 percent and 0.05 percent not four or five percent, but one twentieth of one percent If he had been held responsible for the entire eleven point three liters The guidelines even with the two prior criminal history to prior convictions for distribution The guidelines would have been 46 to 57 months in this case the sentencing range because of the application of the career offender provision Tripled the guideline range the guideline range become became 151 to 188 months what we're asking this court to do what Matthew Stewart is asking this court to do is to look at that guideline range and Recognize that it produces a substantively unreasonable sentence except that the district court in this case went below the guidelines, right? The district court did so the district court exercised its discretion Looked at the guideline range and went below it and the district court did and just because the district court exercised its discretion and took into consideration some of the 3553 a factors does not mean that it placed the appropriate weight on those factors And I think that's the role that this court can can take this court can look at the weight placed on each individual Factor and decide whether it can bear the weight of a 10-year sentence for what is Effectively a nominal or trivial amount of GHB again, the amount that one would have an overnight dose for someone with a sleeping disorder, but the Court when we're talking about the substantively unreasonable. We don't just hang up on What you've emphasized the court looked at a history of this defendants conduct and he said He's demonstrated a willingness to engage in criminal conduct. He's told me time and time again. He's a good person. He doesn't do bad things I mean this district judge took into account Who he had before him and a totality of circumstances, so how do we fault? Judge George for Substantive unreasonableness. I think we can look to whether the court placed an undue emphasis on a guideline provision That has been assailed by academics criticized by courts and called into question by the sentencing commission itself It wasn't the main reason that the guideline range was as high as it was was because of the career offender It is entirely the reason why the guideline, but the career offender, but this whole thing that you're putting emphasis on now Was not the reason for the career offender. It was the two priors It was it was indeed the two priors But I guess what I'm saying is that deference to a guideline that's been roundly criticized by a number of Sources, whether they be judges academics is improper when we have a result that produces such an anomalous Sentence, so this is a different problem that you're now talking about It's not the fact that there was that this was extremely diluted GHB, but but the now you're talking about the career offender guideline. That's different well, it's but it's but one factor I think that the low level of purity goes to the substantive reasonableness of the sentence the reliance on career offender provision Which has been roundly criticized by a number of sources that also goes to the reasonableness of the sentence And so if we were in the fact that academics criticize the career offender guidelines that are in place means we ignore it So at which point well academics have criticized, but it's not just academics Well, it's around the courts around the courts criticize whatever but it's there it and it is but when we have a guideline that is predicated on two prior criminal history Convictions to the exclusion of all other relevant factors or to the exclusion of most other relevant factors. I think we can have a sentence I mean, he would have had authority to disregard it. He knew that he said so, right? He considered here the question whether to rely on this guideline And then he sort of partly didn't partly didn't and he did he? Acknowledged that he had the ability to take that into consideration The point that we're raising in this appeal is that the amount of deference that's given to the Commission was too high the result was Substantively unreasonable surely there must be a set of circumstances in which a sentence even though it's below the guideline range can still be Substantively unreasonable. That's what we're asking the court to find in this instance We're asking this court to look at a number of factors the low purity of the GHB basically the trivial amount of drugs distributed in this case or attempted to be distributed in this case and Find that 120 months poorly serves the sentencing goals set forth in 3553 a You want to reserve? I'd like to reserve if I could reserve 90 seconds. Thank you Go ahead Peter Leavitt for the United States, Your Honor The district court in this case carefully considered the totality of the record evidence Including the defendants proffered arguments the defendants protracted criminal history the 3553 a factors and all the other evidence and letters submitted by the defendant at sentencing and Based on this the district court acted well within its broad discretion in conferring what the court correctly and aptly called a gift 31 months below the low end of the advisory guideline range in Sensing the defendant not to the low end of 151 but to 120 months in prison and this court should affirm that substantively reasonable sentence Congress did not have in mind large scale distributors when it necessarily have in mind large-scale distributors when 994 H and the guidelines that implemented its policy of at or near The statutory maximum was demanded rather Congress had in mind precisely what we have Apparently attorney general holders and Congress today testifying about ways to redo the sentencing guidelines with regard to drug offenses perhaps for this reason That that that may be the case your honor however I don't believe that recidivist felony drug traffickers are going to be affected I've been dealing quite a bit with the crack cocaine resentencings under 3582 c2 and there's a world of difference between that type of context and this type of Context this is the type of context where Stewart is the last person in the world Who should be having anything to do with? GHB no matter how deluded he sold five tablets of ecstasy to an undercover cop He was about to sell a hundred tablets to the undercover cop and he's convicted He sells a few grams of powder cocaine to an undercover cop. He sells more powder cocaine to an undercover cop He's about to sell two ounces negotiate for two ounces $2,600 deal to the undercover cop and he's convicted again in this case. He sells a little bit of GHB then for $1,700 he sells eight nine bottles of GHB and He's negotiating the sale of 16 bottles of GHB when he's arrested This is precisely whom the career offender guidelines are supposed to be targeting and Your judge Burzon is correct that the Advisory guideline range is determined not based on quantity under 2d 1.1 but rather under this specially crafted guideline for B 1.1 the career offender guideline Precisely for defendants life stewards one doesn't get a break for selling impure or bad drugs You weigh the solution just like in the methamphetamine Case you take according I mean at one level That doesn't make a whole lot of sense because the reason why we are prescribing drugs is because they're going to hurt people or they're going to cause social damage and if they're Essentially incapable of doing that then one does wonder why the statutes written the guidelines are written that way But what I do wonder why at some point somebody drinking the solution is just not going to have any impact there There's a scam involved but aside from that Why are we prescribing this? um We're prescribing it your honor I would submit because it only takes a small amount or a weak amount To ruin one woman's life nobody suggested that this amount was that that amount That's correct your honor. Just like if somebody sells two pounds of methamphetamine at only 1% purity we don't give that person a break while conversely I understand that I'm I Would I would imagine that at some point and we've not reached that point in this particular case the dose would become Incapable of doing Anything, but that's not the argument here that there had to be some amount in the liquid didn't it? That's correct your honor by the failure. Is there some? measurable amount If it had been zero Then there wouldn't be a crime committed Then we would have perhaps the counterfeit drug. It would be a fake Section of this you know you'd be dealing with misrepresentation or false Correct pretences or whatever, but since he put some in And it was enough to clear whatever Requisite thresholder there is to make it a criminal act yes your honor by defendants own calculations It's over six grams of actual GHB and nobody is denying that that's enough To achieve nefarious effects The the argument as I understand why I thought counsel was suggesting it was just like Selling a you know the foam off of a beer, so are you saying you disagree? That it could have had some effect even it was just the foam on a beer I do your honor. I do disagree I'm not aware of any study that says if somebody ingests six point two grams of GHB They're going to react, but that would be physically impossible because it was in the six point two grams was in how many different bottles? Water about 11. Yes, you have to drink 11 gallons of water. That's not going to happen So it's basically physically impossible I Believe that's correct your honor. I would note however that an issue is the substance of reasonableness of The sentence a 31 month below low end of the guideline sentence We're not in a situation where we're dealing with an Eighth Amendment claim Or anything like that we're assessing substantive reasonableness and on this record as the district court considered all of the record evidence and the statutory sentencing factors and Said to this defendant you've been doing stupid things all your life I don't want to hear about what a good guy you are and gave them a 31 month gift that sentence I would respectfully submit should be affirmed If I could share one passage from the Tenth Circuit from former judge McConnell In criticizing or at least commenting on the career offender guideline judge McConnell wrote in the Pruitt decision It follows the district court should not be overly shy about concluding that particular defendants Even if third-time drug sellers do not have the profile. He wasn't overly shy. He'd consider it and he didn't do it, but I Mean it seems to me your stronger point is the other one ie At what point is it unreasonable to rely on the guidelines with regard to severely diluted drugs And and in this instance if Matthew Stewart had sold drugs that were a hundred percent pure clearly presenting a Much more pronounced danger the guidelines would be the same if he had sold Almost ten times the amount of 100 percent evidence in the record as to whether the amount of Drugs in these Solutions that one could reasonably drink could have had any impact But nothing in the record that would suggest that in fact Well, what was it? I want to know whether you have whether you had evidence that did put Only only that the purities were so low that they were they would have as the as your honor pointed out It would have been impossible to consume that six six milliliters, right? Prescribed suppose it was You know a gallon the amount in a gallon. Do we know that that wouldn't couldn't have had an impact on someone Other other than conjecture. No judge. There was nothing in the record. I Would suggest that when we have a situation where the guideline range was 46 to 57 months absent career offender application and it triples that what we have a Substantive reasonableness claim there, or are you suggesting that that's a gonna become a per se standard? if the if it triples the unenhanced crime Guideline, then we should that that's sort of the benchmark. So the district judges in Exercising their discretion will be constrained by that formulation. No judge. I'm mindful of courts Unwillingness to look at bright line rules like that in most cases and I wouldn't suggest that in every case a tripling of the guideline range should trigger Less deferential review, but I do think in this case less deferential review of a guideline range that's predicated on all of these failings that have been discussed by so many sources and predicated on Amount of drugs here. That's nominal amount Should be subject to less deferential review Envisioning trying to craft that rule I'm sorry like a lot more guidance or Precision and how one would formulate that rule is May not be per se, but it was should be difficult to Draft a guidance where the district courts are now supposed to look at academic criticism And the like but I think judge McConnell Decided to go teach because he didn't find it as rewarding to be in our position Yeah And and it's no different than what probably followed the Kimbrough decision where courts who are equipped with Hearing all of these disparate sources of information and weighing them have to take things into account And that's what we'd ask the court to do in this instance. Okay. Thank you counsel Makes it sort of be submitted for decision
judges: Thomas, Fisher, Berzon